## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERTO HINOJOSA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:22-CV-1880** |
| | § | |
| **DAIRY FARMERS OF AMERICA,** | § | |
| **INC., SOUTHERN FOODS GROUP** | § | |
| **LLC D/B/A HYGEIA DAIRY AND** | § | |
| **DEAN FOODS COMPANY** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL AND BRIEF IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Defendant **Dairy Farmers of America, Inc.** and pursuant to 28 U.S.C. § 1441(c), files this Notice of Removal removing this action from the 192nd Judicial District of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. Dairy Farmers of America, Inc. submits the following Brief in Support of its Notice of Removal:

### I.
### PROCEDURAL HISTORY

1.     On April 13, 2022, Plaintiff Roberto Hinojosa ("Plaintiff" or "Hinojosa") filed a lawsuit in the 192nd Judicial District of Dallas County, Texas, as Cause No. DC-22-03995 styled "*Roberto Hinojosa v. Southern Foods Group, LLC d/b/a Hygeia Dairy and Dean Foods Company.*" A true and correct copy of Plaintiff's Original Petition filed against Southern Foods Group, LLC d/b/a Hygeia Dairy ("Southern Foods") and Dean Foods Company ("Dean Foods") is attached as Exhibit "A-2."

2.      On June 27, 2022, Plaintiff amended his Original Petition and added Dairy Farmers of America, Inc. ("DFA") as a party to the instant suit. A true and correct copy of the First Amended Petition is attached as Exhibit "A-3."

3.      Defendant DFA was served with Plaintiff's First Amended Petition on July 25, 2022. A true and correct copy of the citation served on DFA is attached as Exhibit "A-4."

4.      Prior to this removal, DFA filed its Answer on August 11, 2022, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-5."

5.      DFA now submits this Notice of Removal and Brief in Support to remove Cause No. DC-22-03995 to the United States District Court for the Northern District of Texas, Dallas Division.

## II.
### CITIZENSHIP OF THE PARTIES

6.      Plaintiff is an individual residing in and is a citizen of the State of Texas. Ex. "A-3, ¶ 2.1."

7.      DFA is a cooperative marketing association incorporated under the laws of the State of Kansas and has its principal place of business in Wyandotte County, Kansas. Accordingly, DFA has at all relevant times been a citizen of Kansas pursuant to 28 U.S.C. § 1332(c).

8.      Defendant Southern Foods was a limited liability corporation incorporated under the laws of the State of Delaware and, during its existence, had its principal place of business in Dallas County, Texas.

9.      Defendant Dean Foods was incorporated under the laws of the State of Delaware and, during its existence, had its principal place of business in Dallas County, Texas.

10.     Southern Foods and Dean Foods filed for Chapter 11 bankruptcy on November 12, 2019. In April 2020, as part of the bankruptcy, Southern Foods and Dean Foods sold substantially

all of their assets to DFA and as of March 2021 has ceased doing business and wound up all operations.

11.     DFA would show that this Court has jurisdiction over this matter because Defendants Southern Foods and Dean Foods have been improperly joined as defendants in this matter as a result of the Chapter 11 bankruptcy case and related proceedings. The improper joinder of Southern Foods and Dean Foods, as will be shown below, and the subsequent disregard of the citizenship of Southern Foods and Dean Foods results in complete diversity of citizenship of the properly joined parties: Hinojosa and DFA.

### III.
### AMOUNT IN CONTROVERSY

12.     DFA would further show that the monetary relief sought by Plaintiff exceeds the jurisdictional amount of $75,000, pursuant to Plaintiff's First Amended Petition. Specifically, Plaintiff alleges in his First Amended Petition that he seeks monetary relief "in excess of $1,000,000." Ex. "A-3", ¶ 3.4.

### IV.
### GROUNDS FOR REMOVAL

**A.     Legal Standard**

13.     A party may establish improper joinder in two ways. The first is by showing actual fraud in the pleadings of jurisdictional facts, and the second is by showing plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). More specifically, as to the latter, the test for improper joinder is whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.*

14.    To determine whether a non-diverse defendant was improperly joined, the district court should first focus on the complaint. While "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder[;]" however, where a complaint states a claim that satisfies Rule 12(b)(6) but has "misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Mumfrey*, 719 F.3d at 401 (citing *Smallwood*, 385 F.3d at 573) (recognizing the two methods to resolve an improper joinder issue)*. The purpose of this inquiry is limited to identifying "the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*

15.    In considering the summary inquiry, a court "may consider summary judgment-type evidence in the record but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). Summary inquiry is appropriate where, as here, the record shows that plaintiffs misstated or omitted discrete facts that would determine the propriety of joinder. See *Jackson v. Union Pacific R. R. Co.*, No. 3:06-CV-0768-L, 2007 WL 188653, at *3 (N.D. Tex. Jan. 24, 2007) (citing *Smallwood*, 385 F.3d at 574 n. 12) ("An example of when a summary inquiry would be appropriate is a situation in which. . . 'a party's residence was not as alleged, or any other fact that easily can be disproven if not true.'").

## B. <u>Argument</u>

16.    The facts subject to the narrow inquiry in this case are simple, straightforward, and sufficiently resolve the question of liability as to Southern Foods and Dean Foods, the improperly joined in-state defendants. *See Id.* Plaintiff alleges he was injured on September 27, 2020, while

on the premises of property which was owned and controlled by Defendants DFA, Southern Foods, and Dean Foods. *See* Ex. "A-3", ¶ 4.1. Plaintiff seeks recovery for his alleged injuries caused by the September 27 accident against the owner of the property under a premises liability and negligence-based causes of action.

17.     Southern Foods and Dean Foods were not the owner of the subject property at the time of the alleged accident on September 27, 2020. On November 12, 2019, Southern Foods, Dean Foods, and their affiliate debtors filed petitions for Chapter 11 bankruptcy in the Southern District of Texas, Houston Division cases styled: *In re: Southern Foods Group, LLC, et al.,* Case No. 4:2019-bk-36313. Ex. "A-7." As a result of the jointly administered bankruptcy, substantially all of Southern Foods' and Dean Foods' assets were authorized for sale to six buyers on April 6, 2020, roughly six months prior to Plaintiffs' alleged injury.

18.     More specifically, DFA purchased substantially all of the assets of Southern Foods and Dean Foods including "the plants, offices, and manufacturing, processing, distribution, storage, warehousing, and other facilities of Seller or any of its Subsidiaries used (or held for use) in connection with the ownership or operation of the Business"—the Facilities, in addition to Owned Real Property and Owned Leased Property via the Asset Purchase Agreement dated April 5, 2020.  The Bankruptcy Court approved the sale to DFA by Order dated April 5, 2020. Ex. "A-8," p. 70. The Corpus Christi operations plant referred to in Plaintiff's Amended Petition as Hygeia Dairy, was included in the sale to DFA, and deed to the subject property was subsequently transferred to DFA pursuant to the terms of the Asset Purchase Agreement.

19.     Any remaining property or interests owned by Southern Foods or Dean Foods were transferred in the bankruptcy case to the Liquidating Trust and administered by the Liquidating Trustee created and appointed, respectively, by the Court's March 17, 2021 Order confirming

Southern Foods' and Dean Foods' Chapter 11 Plan of Liquidation. Ex. "A-9," p. 34. From this Chapter 11 Plan of Liquidation, Southern Foods, Dean Foods, and the affiliate debtors were merged into their parent company, Dean Holding Company. *See* Ex. "A-9," p. 41. Following this merger, Southern Foods, Dean Foods, and the affiliate debtors were "deemed to have withdrawn their business operations from any state in which they were previously conducting, or are registered or licensed to conduct, their business operations". Ex. "A-9," p. 42. The Final Decree and Order Closing the Chapter 11 Case was entered on May 25, 2021. Ex. "A-10."

20.     Given the proceedings in the Southern Foods and Dean Foods bankruptcy, neither Southern Foods nor Dean Foods owned the property that forms the basis of Plaintiff's claims at the time of Plaintiff's alleged injury. Further, by virtue of the bankruptcy proceedings, Southern Foods and Dean Foods are no longer entities which may be sued or from which Plaintiff may obtain recovery. These two distinct reasons foreclose any possibility of recovery by Plaintiff against Southern Foods and Dean Foods. Accordingly, Southern Foods and Dean Foods should be deemed as improperly joined defendants whose citizenship is disregarded for purposes of determining whether diversity jurisdiction exists.

21.     For purposes of this lawsuit, DFA does not dispute it was (and remains) the sole owner of the subject property as of September 27, 2020 and is the only properly named defendant in this matter. DFA respectfully requests the Court take judicial notice of the bankruptcy proceedings as they relate to this case and the parties named therein. Southern Foods' and Dean Foods' status as defendants in this action should not be considered in determining whether complete diversity exists. Once the citizenship of the improperly joined defendants is disregarded, this action meets the diversity requirements contained in 28 U.S.C. § 1332 and removal of this action is appropriate and permissible. *See* 28 U.S.C. § 1332.

## V.
## PROCEDURAL REQUIREMENTS FOR REMOVAL

22.     Plaintiff sued DFA alleging negligence and injuries arising out of an injury that allegedly occurred on DFA property on September 27, 2020. Ex. "A-3." DFA is a defendant and under § 1441(a) has the power to remove this action.

23.     Plaintiff sued Southern Foods and Dean Foods, previous owners of the subject property, also claiming negligence in connection with the Plaintiff's alleged injury. Because Plaintiff has improperly joined Southern Foods and Dean Foods, their citizenship is disregarded for purposes of determining whether complete diversity exists.

24.     Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

25.     The United States District Court for the Northern District of Texas encompasses Dallas County, the county in which the state court action is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

26.     The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332. As such, this matter may be removed to this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties when Southern Foods and Dean Foods are properly disregarded as improperly joined defendants to this suit. 28 U.S.C. § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

27.     There are no other proper defendants to this action. Given that both Southern Foods and Dean foods are improperly joined defendants in this action, they must neither consent to nor join in removal, as only properly joined and served defendants must do so. 28 U.S.C. §

1446(b)(2)(A); *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (district court correctly held that the absence of consent by [improperly joined defendants] did not render [the diverse removing party's] removal invalid).

28.     In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1" through "A-5" are copies of all process, pleadings, and orders from the state court proceeding. More specifically, true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| Exhibit: | Description of Exhibit: |
|---|---|
| **Exhibit "A"** | Index of Pleadings |
| **Exhibit "A-1"** | State Court Docket Sheet |
| **Exhibit "A-2"** | Plaintiff's Original Petition Against Southern Foods Group, LLC d/b/a Hygeia Dairy and Dean Foods Company |
| **Exhibit "A-3"** | Plaintiff's First Amended Petition Against Southern Foods Group, LLC d/b/a Hygeia Dairy, Dean Foods Company, and Dairy Farmers of America, Inc. |
| **Exhibit "A-4"** | Citation and Affidavit of Service for Defendant DFA |
| **Exhibit "A-5"** | Defendant DFA's Original Answer |
| **Exhibit "A-6"** | Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed) |
| **Exhibit "A-7"** | Southern Foods Group, LLC Voluntary Petition for Non-Individuals Filing for Bankruptcy |
| **Exhibit "A-8"** | Order Authorizing Sale of Certain Assets to DFA |
| **Exhibit "A-9"** | Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Joint Chapter 11 Plan of Liquidation of Southern Foods Group, LLC, Dean Foods Company, and their Debtor Affiliates |
| **Exhibit "A-10"** | Final Decree and Order Closing Chapter 11 Cases |

**Exhibit B**              Notice of Related Case

29.      Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 192nd Judicial District in Dallas County, Texas to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the state court proceeding is attached hereto as Exhibit "A-6."

30.      DFA specifically reserves the right to amend or supplement this notice of removal.

## VI.
## JURY DEMAND

31.      Plaintiff demanded a jury in the state court action. Ex. "A-3" at ¶ 8.1.

## VII.
## NON-WAIVER OF DEFENSES

32.      By virtue of this removal, DFA does not waive its right to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

33.      By removing this action, DFA does not admit any of the allegations in Plaintiff's First Amended Petition other than those specifically stated herein.

WHEREFORE, PREMISES CONSIDERED, Defendant DAIRY FARMERS OF AMERICA, INC. prays the Court remove the case styled "*Roberto Hinojosa v. Dairy Farmers of America, Inc., Southern Foods Group, LLC d/b/a Hygeia Dairy and Dean Foods Company*", bearing Cause No. DC-22-03995, pending in the 192nd Judicial District Court for Dallas County, Texas, to the United States District Court, Northern District of Texas, Dallas Division, and for such other and further relief to which it is entitled.

Respectfully Submitted,

_____/s/ Chad L. Farrar_____

By: Chad L. Farrar

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, Texas Bar No. 00793716
C. Brett Stecklein, Texas Bar No. 00794688
Katie P. Harrison, Texas Bar No. 24062767
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:      (214) 754-0040
Facsimile:      (214) 754-0043
cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com

***Attorneys for Defendant Dairy Farmers of America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 24th day of August 2022, a true and correct copy of the foregoing was served by email and ECF addressed to:

**Via ECF & email**
Jason F. DeSouza
Nathan Z. Robinson
DeSouza Injury Lawyers
3201 Cherry Ridge Dr., Suite C-300
San Antonio, Texas 78320
jason@jfdlawfirm.com
nathan@jfdlawfirm.com

_____/s/ Chad L. Farrar_____

Chad L. Farrar