Case 3:22-cv-01880-X   Document 1-4   Filed 08/24/22   Page 1 of 14   PageID 33

FILED
6/27/2022 12:15 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

1 CIT/ESERVE

CAUSE NO. DC-22-03995

| ROBERTO HINOJOSA | § | IN THE DISTRICT COURT |
| --- | --- | --- |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | 192ND JUDICIAL DISTRICT |
| DAIRY FARMERS OF AMERICA, INC., | § | |
| SOUTHERN FOODS GROUP, LLC | § | |
| D/B/A HYGEIA DAIRY AND DEAN | § | |
| FOODS COMPANY | § | |
| *Defendants* | § | DALLAS COUNTY, TEXAS |

PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, ROBERTO HINOJOSA, hereinafter referred to by name or as Plaintiff, and complains of DAIRY FARMERS OF AMERICA, SOUTHERN FOODS GROUP, LLC D/B/A HYGEIA DAIRY AND DEAN FOODS COMPANY hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

I.   DISCOVERY

**1.1**   Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190.4 of the TEXAS RULES OF CIVIL PROCEDURE.

II.   PARTIES

**2.1**   Plaintiff ROBERTO HINOJOSA is an individual residing in Corpus Christi, Nueces County, Texas.

**2.2**   Defendant SOUTHERN FOODS GROUP, LLC D/B/A HYGEIA DAIRY (hereinafter referred to as "HYGEIA") is a Delaware limited liability company doing business in

**EXHIBIT A-3**

Texas under the assumed name HYGEIA DAIRY from its principal place of business located at 2711 N. Haskell Ave., Ste. 3400, Dallas, Dallas County, Texas. This Defendant has been served and no further service of process is necessary.

**2.3** Defendant DEAN FOODS COMPANY is a foreign for-profit corporation with its central business office at 2711 N. Haskell Ave., Ste. 3400, Dallas, Dallas County, Texas. This Defendant has been served and no further service of process is necessary.

**2.4** Defendant DAIRY FARMERS OF AMERICA is a foreign corporation with its central business office Kansas City, Missouri. This Defendant may be served serving its registered agent with service of process at: **Corporation Services Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.**

### III. SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE

**3.1** Subject matter jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of the court in which Plaintiff now sues.

**3.2** This court has personal jurisdiction over the parties because all the parties involved are either Texas residents/entities and/or do business in the State of Texas.

**3.3** Venue is proper in Dallas County, Texas, pursuant to § 15.002(a)(3) of the CIVIL PRACTICE & REMEDIES CODE because it is the county in which two of the defendants operated their principal offices in this state at the time of the event in question.

**3.4** Pursuant to TEXAS RULE OF CIVIL PROCEDURE 47(c)(5), Plaintiff has suffered damages in excess of $1,000,000.

## IV. Facts

**4.1** On September 27, 2020, Plaintiff, ROBERTO HINOJOSA was grievously injured while working security at a property owned and controlled by Defendants, DAIRY FARMERS OF AMERICA, INC., ("DAIRY FARMERS"), SOUTHERN FOOD GROUPS LLC D/B/A HYGEIA DAIRY and DEAN FOODS. Due to negligent, reckless, and dangerous actions committed by Defendants Hygeia and Dean Foods, HINOJOSA had a catastrophic fall on the property which directly caused him injuries.

**4.2** More specifically, the location was owned by and served as HYGEIA DAIRY's Corpus Christi operations plant, at which HINOJOSA—through his employer SecureCo Security—was hired to perform overnight security. Part of this job entailed standard security measures used in the security industry, such as surveying, monitoring, and generally securing the HYGEIA property overnight. A different part of this job, however, which is not standard security practice in the industry, was to ensure that HYGEIA product was kept at adequate temperatures at all times, which required that HINOJOSA physically perform periodic check-ups on each of the refrigerated trucking units in Hygeia's fleet on the property. Specifically, HINOJOSA was told he was to locate a temperature gauge which varied in location by vehicle but typically could be found at an elevated position somewhere on the outside of each truck's rear box unit, all of which were square in shape, large in size, and difficult to climb and inspect. Moreover, this was a particularly dangerous assignment due to the fact that the HYGEIA plant had poor, inadequate lighting which made nighttime visibility difficult; HINOJOSA was not provided training in how to properly undertake

3

this task; nor was **HINOJOSA** supplied with any sort of personal protective equipment to ensure safe completion of the task. To make matters worse, the evening of September 27, 2020 brought with it precipitation throughout the night in the form of fog, mist, and occasional rain.

**4.3** As **HINOJOSA** climbed up on a slick, wet ladder that night to check the temperature gauge on one of the refrigeration units pursuant to **HYGEIA** directive, his foot lost traction and he fell several feet down, landing hard on the ground and sustaining fracture in his left femur and hipbone.

**4.4** The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants, **SOUTHERN FOOD GROUPS LLC D/B/A HYGEIA DAIRY** and **DEAN FOODS COMPANY**.

### V. CAUSES OF ACTION AGAINST DEFENDANTS
### SOUTHERN FOOD GROUPS LLC D/B/A HYGEIA DAIRY and DEAN FOODS COMPANY
**A.     GENERAL NEGLIGENCE**

**5.1** Defendants, **HYGEIA** and **DEAN FOODS**, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

**5.2** Defendants, **HYGEIA** and **DEAN FOODS** violated the duty which it owed Plaintiff **ROBERTO HINOJOSA** to exercise ordinary care in one or more of the following respects:

   a.    In tasking a security guard with duties outside the scope of his qualifications;
   b.    In failing to provide training in the assigned task;

|   |   |
|---|---|
| c. | In failing to provide personal protective equipment and/or making safety equipment available; |
| d. | In failing to adequately warn of the potential dangers it which it tasked to Hinojosa; |
| e. | In requiring the use of an unsafe ladder; |
| f. | In failing to take remedial measures to correct the dangerous condition. |

5.3   Such indifference and failure to act on the part of the Defendants herein proximately caused the injuries and other damages suffered by the Plaintiff **ROBERTO HINOJOSA**, as further detailed.

5.4   Plaintiff **ROBERTO HINOJOSA**'s injuries were proximately caused by Defendants **HYGEIA** and **DEAN FOODS** negligent, careless and reckless disregard of said duty.

5.5   Each and all of the above acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se and gross negligence which proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff **ROBERTO HINOJOSA** suffered and which Plaintiff **ROBERTO HINOJOSA** will continue to suffer in the future, if not for the remainder of his natural life.

### B.   PREMISES LIABILITY

5.6   Plaintiff **ROBERTO HINOJOSA** was a business invitee to whom Defendants owed a duty to exercise reasonable care to protect him from dangerous conditions on the property known or discoverable to it.

5.7   The conditions **HINOJOSA** was exposed to—slick, slippery equipment, substantial fall risks, poor and inadequate lighting—created unreasonable risks to the Plaintiff.

**5.8** These unreasonably dangerous conditions were created by the Defendants, and the Defendants knew of the conditions or should have known of them but nevertheless failed to warn **ROBERTO HINOJOSA** or to make the conditions reasonably safe.

**5.9** Indeed, Plaintiff was not aware of the danger beforehand, as the unsafe conditions were not open and obvious dangers and Defendants gave no notice to Plaintiff of the unreasonably dangerous conditions created by Defendants despite their prior knowledge of the conditions.

**5.10** At all times relevant to this lawsuit, the Defendant knew or should have known of unreasonably dangerous conditions on its premises and of the foreseeable harm that their failure to act posed to the Plaintiff **ROBERTO HINOJOSA** and those similarly situated.

**5.11** Defendants, **HYGEIA** and **DEAN FOODS** violated the duty which it owed Plaintiff **ROBERTO HINOJOSA** to exercise ordinary care in the maintenance of its premises in one or more of the following respects:

   a.  in failing to monitor the conditions of its premises, which a person of ordinary prudence would have done under same or similar circumstances;
   b.  in creating the dangerous condition on its premises;
   c.  in failing to timely discover the dangerous condition in question;
   d.  in failing to timely warn others or provide notice of the dangerous conditions in question;
   e.  in failing to adequately secure the dangerous condition, and the area within the immediate vicinity of the dangerous condition;
   f.  in failing to take immediate remedial measures to correct the dangerous condition;
   g.  in failing to appropriately safeguard against the appearance of such a dangerous condition on its premises; and
   h.  in taking improper measures to adequately and appropriately safeguard the dangerous condition on its premises.

5.12 The occurrence made the basis of this lawsuit and the resulting injuries and the damages were proximately caused by the negligence of the Defendants, its agents, servants, and employees because the Plaintiff **ROBERTO HINOJOSA** was a business invitee to whom the Defendants owed a duty to exercise reasonable care to protect him from dangerous conditions on the property known or discoverable to it.

C. **NEGLIGENT ENTRUSTMENT/NEGLIGENT VEHICLE MONITORING/ NEGLIGENT MANAGEMENT/NEGLIGENT CONTRACTING/NEGLIGENT MAINTENANCE/ NEGLIGENT SUPERVISION/NEGLIGENT TRAINING**

5.13 Additionally, Defendants, **HYGEIA** and **DEAN FOODS** are also negligent in one or more of the following respects:

- a. Negligent entrustment;
- b. Negligent vehicle monitoring;
- c. Negligent management;
- d. Negligent contracting;
- e. Negligent training
- f. Negligent maintenance;
- g. Negligent supervision; and
- h. Such additional acts of negligence, which will be established as the case progresses

D. **GROSS NEGLIGENCE**

5.14 As set out above, Defendants' actions constitute not only negligence but gross negligence. Defendants' acts or omissions when viewed objectively from the actor's standpoint, at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants had actual, subjective awareness of risk involved and nevertheless proceeded in conscious indifference to the rights, safety, or welfare of the Plaintiff, or others similarly situated. As a result, each of the Defendants' acts and omissions

constitute gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

## VI. DAMAGES

**6.1** As a direct and proximate result of the inherently hazardous condition and the negligent conduct of the Defendants, Plaintiff **ROBERTO HINOJOSA** suffered severe and catastrophic bodily injuries.

**6.2** These injuries are permanent in nature. These injuries have had a serious effect on the Plaintiff **ROBERTO HINOJOSA**'s health and well-being. Some of the effects are permanent and will abide with the Plaintiff **ROBERTO HINOJOSA** for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, caused the Plaintiff **ROBERTO HINOJOSA** to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life.

**6.3** As a further result of the nature and consequences of his injuries, Plaintiff **ROBERTO HINOJOSA** suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

**6.4** As a further result of all of the above, Plaintiff **ROBERTO HINOJOSA** has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident

complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

**6.5** As a further result of the injuries sustained by the Plaintiff **ROBERTO HINOJOSA**, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

**6.6** As a consequence of the injuries sustained by the Plaintiff **ROBERTO HINOJOSA**, they have sustained physical impairment and disfigurement. In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life.

**6.7** As a further consequence of the injuries sustained by the Plaintiff, he has suffered loss of wages, and due further to the injuries, he has experienced a loss of future wage-earning capacity.

**6.8** By reason of all of the above, Plaintiff **ROBERTO HINOJOSA** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now files suit.

**A.** **EXEMPLARY DAMAGES**

**6.9** Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with in conscious indifference to the rights, safety, or welfare of the Plaintiff **ROBERTO HINOJOSA**, and others similarly situated. As a result, each of the Defendants' acts and omissions constitute gross negligence and Plaintiff is entitled to the recovery of exemplary damages.

## VII. INTEREST

**7.1** Plaintiff **ROBERTO HINOJOSA** further requests both pre judgment and post judgment interest on all their damages as allowed by law.

## VIII. REQUEST FOR JURY TRIAL

**8.1** Plaintiff demands that this case be decided by a jury as allowed by TEX. R. CIV. P.215. Plaintiff acknowledges payment of the required jury fee.

## IX. NOTICE OF AUTHENTICATION OF DOCUMENTS PURSUANT TO TRCP 193.7

**9.1** Plaintiff hereby provides actual notice to Defendants that Plaintiff will use any or every document produced by each and every Defendant in response to written discovery, in a pretrial proceeding, or at trial. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, any Defendant's production of a document in response to written discovery authenticates the document for use against that Defendant or any other Defendant, unless- within ten (10) days or a longer or shorter time ordered by the court- Defendant objects to the authenticity of the document, or any part of it, stating the specific basis for its objection. An objection must be either on the record or in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## X. PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

**10.1** Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including contracts,

lists of donors, emails, minutes of meetings, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, log books, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **ROBERTO HINOJOSA** requests that Defendants be cited to appear and answer, and on final trial hereafter, that Plaintiff **ROBERTO HINOJOSA** have judgment against Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff **ROBERTO HINOJOSA** may be justly entitled by law and equity, including, but not limited to:

1. Physical pain in the past;
2. Physical pain which, in all likelihood, he will experience in the future;
3. Mental anguish in the past;
4. Mental anguish which, in all likelihood, he will experience in the future;
5. Past medical expenses;
6. Medical expenses that in all likelihood, will be incurred in the future;
7. Physical impairment in the past;
8. Physical impairment, that in all likelihood, will be experienced in the future;
9. Physical disfigurement;
10. Lost wages in the past;
11. Loss of earning capacity that in all likelihood, will be experienced in the future;
12. Loss of consortium;
13. Pre-judgment interest;
14. Post judgment interest; and
15. Exemplary damages.

RESPECTFULLY SUBMITTED,

DESOUZA INJURY LAWYERS
3201 CHERRY RIDGE DR., SUITE C-300
SAN ANTONIO, TEXAS 78230
210/ 714-4215 – PHONE
210/496-0060 – FACSIMILE

BY: */S/ Jason F. DeSouza*
JASON F. DESOUZA
STATE BAR NO.: 24073255
jason@jfdlawfirm.com

BY: */S/ Nathan Z. Robinson*
NATHAN Z. ROBINSON
STATE BAR NO.: 24072306
Snathan@jfdlawfirm.com

*ATTORNEY FOR PLAINTIFFS*

Case 3:22-cv-01880-X   Document 1-4   Filed 08/24/22   Page 13 of 14   PageID 45

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jason DeSouza
Bar No. 24073255
jason@jfdlawfirm.com
Envelope ID: 65797506
Status as of 7/1/2022 10:58 AM CST

Associated Case Party: ROBERTO HINOJOSA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason DeSouza | | jason@jfdlawfirm.com | 6/27/2022 12:15:32 PM | SENT |
| Nathan Robinson | | nathan@jfdlawfirm.com | 6/27/2022 12:15:32 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jason DeSouza | | scheduling@jfdlawfirm.com | 6/27/2022 12:15:32 PM | SENT |
| Michelle Roberson | | michelle@jfdlawfirm.com | 6/27/2022 12:15:32 PM | SENT |

David Martinez
4843 Newcome
San Antonio Tx 78229

CERTIFIED MAIL

7020 0640 0001 0930 8309

DAIRY FARMERS OF AMERICA, INC
Attn: Corporation Service Company
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

$8.06
US POSTAGE
FIRST-CLASS
FROM 78230
JUL 20 2022
stamps
endicia

7870183218 C015